08-4564-cv
Garrett v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand and ten.

Present: Pierre N. Leval,
Chester J. Straub,
Richard C. Wesley,
*Circuit Judges.*

_____

THOMAS GARRETT,

*Plaintiff-Appellant,*

- v. -                              (08-4564-cv)

NEW YORK CITY DEPARTMENT OF EDUCATION, PAUL ROBESON HIGH SCHOOL FOR BUSINESS AND TECHNOLOGY, IRA C. WESTON, in his official capacity as Principal and individually, BARBARA GATTI, in her official capacity as Assistant Principal and individually, DR. JACQUELINE PEEK-DAVIS, in her official capacity as Superintendent and individually,

*Defendants-Appellees.*

_____

Appearing for Appellant:      THOMAS GARRETT, *pro se*, New York, New York

1

Appearing for Appellees:    DONA B. MORRIS, Assistant
Corporation Counsel, *for* Michael
A. Cardozo, Corporation Counsel
of the City of New York, New
York, New York.

Appeal from the United States District Court for the Eastern District of New York (Reyes, *M.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Plaintiff Thomas Garrett, *pro se*, brought this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1983; the Fourteenth Amendment; New York Civ. Serv. Law § 75-b (McKinney 1986); and for tortious interference with contract.  The United States District Court for the Eastern District of New York (Reyes*, M.J.*) granted summary judgment to the defendants and dismissed the plaintiff's claims in their entirety.  Plaintiff appeals from that decision.  We presume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court reviews an order granting summary judgment *de novo* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a

2

matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the award of summary judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

3